UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SCOTT SINGLETON

                                  Plaintiff,

                                                                                        **COMPLAINT**

      -against-

                                                                     **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
DEPUTY WARDEN ARTHUR OLIVERIA,
and UNIDENTIFIED NEW YORK CITY EMPLOYEES
                                   Defendant(s).
-------------------------------------------------------------------X

        The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1     Jurisdiction is founded upon the existence of a Federal Question.

2     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the First Amendment to the Constitution of the United States pursuant to 42 U.S.C. § 1983 as well as pursuant to 42 U.S.C. § 2000e-2(a) i.e., Title VII, as well as pursuant to the laws of the State of New York.

3     Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4).

4     Jurisdiction for plaintiff's state claims is appropriate pursuant to 28 U.S.C. Section 1367.

5     The individual defendants herein are sued both in their individual and official capacities.

6     Venue is appropriate pursuant to 28 U.S.C. Section 1391(b) (1 & 2).

7     That on or about June 21, 2004, a notice of claim was served on the Comptroller of the City of New York, and that as of this date, plaintiff's demand for payment has not yet been addressed by

the defendants.

8       That to date no 50H Hearing has been noticed or conducted as to the plaintiff.

9       That this cause of action is commenced within one year and ninety days of when this cause of action arose.

10      That the defendant NYC is vicariously liable to the plaintiff for the individual defendant's common law torts via the principle of respondeat superior.

11      That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

12      That a notice of plaintiff's complaint for violation of Title VII was filed with the EEOC and the EEOC acknowledged receipt of such complaint on June 23, 2004.

13      That a subsequent complaint was filed with the EEOC on December 7, 2004, complaining of retaliation against the plaintiff.

14      That the EEOC found probable cause for plaintiff's initial complaint.

15      That attempts to conciliate plaintiff's complaints were unsuccessful.

16      That a right to sue letter was issued to plaintiff on or about July 19, 2005 on plaintiff's initial complaint.

17      That as of this date no right to sue letter has been issued on plaintiff's claim of retaliation.

## PARTIES

18      The plaintiff, SCOTT SINGLETON, resides in New York City and is employed by the City of New York's Department of Corrections (DOCS) as a corrections officer on Rikers Island.

19      That Defendant DEPUTY WARDEN ARTHUR OLIVERIA, is employed by DOCS as a Deputy Warden at Rikers Island.

20    Upon information and belief, that at all times hereinafter mentioned, the defendant NEW YORK CITY (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

21    Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants, and employees employed, operated, maintained, and controlled DOCS, including all the officers thereof.

22    That defendant NYC is ultimately responsible for the policies, practices, and customs of DOCS, as well as the hiring, screening, training, supervising, controlling, and disciplining of DOCS employees.

23    The defendant NYC employs more than fifteen employees for each working day in each of twenty or more calendar weeks in the current and preceding calendar year in its agency, the DOCS.

24    Each and all of the acts of the defendants alleged herein were performed by the defendants, their agents, servants, and employees acting under the color and pretense of the statutes, ordinances, regulation, customs, and usages of the State of New York, the City of New York, and under the authority of their office as members of the DOCS.

25    The defendant NYC is vicariously liable for the torts committed pursuant to New York law by its agents and employees in the course of their employment.

**STATEMENT OF FACTS**

26    Beginning in March of 2004, and continuing for an extended period of time, one of plaintiff's supervisors at Rikers Island, Captain Robin Walker, was making numerous, repeated, unwanted sexual advances to the plaintiff.

27      On or about May 3, 2004, Captain Walker approached the plaintiff and handed him a paper with her phone numbers, stating, "Here's my telephone number. Use it."

28      Plaintiff was in a committed relationship with another officer working at Rikers Island in the same building and the plaintiff made Walker aware that her advances were unwanted and harmful and that he wanted her to stop, which she refused to do.

29      On one occasion in front of other officers, plaintiff was standing in the front gate area preparing to leave the building and Walker made open advances to the plaintiff.

30      On May 14, 2004 at approximately 4:00 p.m., Captain Walker entered the control room at EMTC on Rikers Island and retrieved and reviewed the personnel information logbook, and upon information and belief, she illegally reviewed plaintiff's personnel file.

31      Plaintiff informed his immediate supervisor Captain Jones #977 of the trouble Walker was causing him.

32      Shortly thereafter, Walker confronted the plaintiff and threatened him, telling him, along with other obscene things, that, "all of this could have been avoided...my name is all over the building, you will pay for this."

33      The same day that Captain Walker reviewed the personnel information logbook, she contacted plaintiff's girlfriend at his home by telephone and defamed him, telling her that he was sleeping with a fellow female co-worker.

34      Approximately two days after Captain Walker reviewed the personnel information logbook, plaintiff's girlfriend received an obscene and defamatory letter stating, among other things, that plaintiff was having an affair and upon information and belief this letter was written by Captain

Walker.

35    Plaintiff observed Walker stalking him on several occasions.

36    Walker has a long history of disciplinary problems and complaints against her for harassing her subordinates at Rikers Island, yet defendant NYC refuses to take appropriate measures to curtail her actions.

37    Walker frequently spoke to several of plaintiff's co-workers about him, repeatedly defaming him as promiscuous.

38    Walker threatened to "take care of" plaintiff's girlfriend and a platonic female friend of plaintiff, also employed at Rikers Island.

39    Plaintiff informed his supervisors as to Walker's conduct, and an EEO Hearing was conducted by the Department of Corrections on June 10, 2004.

40    After the EEO Hearing, plaintiff was retaliated against by defendant DEPUTY WARDEN ARTHUR OLIVERIA.

41    Plaintiff was transferred from his post of several years and moved to a less favorable post.

42    Plaintiff was disciplined in a disparate and harsher manner for an incident in which four officers, including the plaintiff, searched an inmate, and the inmate was subsequently allegedly found to have a telephone in his possession without permission.

43    Despite the fact that an officer searched the inmate before the plaintiff and two officers searched the inmate after the plaintiff had, the plaintiff received the harshest discipline as a result of that incident.

44	Subsequent to the EEO Hearing DEPUTY WARDEN ARTHUR OLIVERIA, repeatedly defamed the plaintiff by telling people, including plaintiff's union delegate, that the plaintiff is a drug dealer, a slacker, that he allows inmates to bring contraband into the prison and that he has inmates do his work for him, although these statements are false.

45	Plaintiff's relationship with his girlfriend, who is the mother of his child, was destroyed by Walker's actions and he has been forced to leave his home and he has been separated from his daughter.

46	Defendant DEPUTY WARDEN ARTHUR OLIVERIA,'s defamatory statements began only after plaintiff brought an EEO complaint against Captain Walker.

47	The plaintiff filed charge 160-2004-02401 with the EEOC on or about June 17, 2004, alleging violation of Title VII of the Civil Rights Act of 1964.

48	On or about December 4, 2004, plaintiff supplemented his allegations to the EEOC to include an allegation of retaliation.

49	That the terms and conditions of plaintiff's employment have been significantly altered and worsened by Walker and Oliveria's actions, and the plaintiff is subjected to an ongoing hostile work environment due to the sexual harassment and the retaliatory actions taken against him for his complaints to the EEO and the EEOC.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
TITLE VII i.e., 42 U.S.C. § 2000e-2(a).**

50	Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

51   That the plaintiff's rights were violated pursuant to Title VII i.e., 42 U.S.C. § 2000e-2(a) in that the plaintiff has been sexually harassed by an agent of defendant NYC.

52   The plaintiff was subjected to sexual harassment that created an intimidating, hostile, and offensive working environment.

53   Plaintiff was subject to unwelcome sexual conduct, and his reaction to that conduct was used as the basis for decisions affecting the terms, conditions, and privileges of his employment.

54   The conduct plaintiff complains of was severe and pervasive.

55   That tangible job benefits and privileges were conditioned on plaintiff's submission to sexual blackmail and adverse consequences followed from the plaintiff's refusal.

56   That Captain Walker was in a position to adversely affect the terms and conditions of plaintiff's employment.

57   That Captain Walker was in a position, and did in fact use her position to gain access to plaintiff's personal file, to harass and annoy the plaintiff.

58   That Captain Walker used her position as a supervisor to grill plaintiff's co-workers about him.

59   The defendant NYC knew of and disregarded Captain Walker's propensity to sexually harass and annoy DOCS employees.

60   As a direct result of the defendants' acts, plaintiff suffered numerous harms including, but

not limited to, emotional harms, his relationship with his family was harmed, and the terms and conditions of his employment were changed for the worse.

61      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, an award of attorneys' fees is appropriate.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
42 USC § 1983 AND THE FIRST AMENDMENT VIA RETALIATION..**

62      Plaintiff repeats, reiterates, and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

63      The plaintiff's rights have been violated pursuant to the First Amendment of the Constitution, in that the plaintiff was illegally retaliated against for complaining to the EEO and the EEOC.

64      That plaintiff's transfer off of his post was due to his complaining to the EEO and the EEOC.

65      That the defendant OLIVERIA, who falsely alleged to third parties that plaintiff is a drug dealer, a slacker, a person who allows inmates to bring contraband into the prison, and that he has inmates do his work for him, so defamed the plaintiff in retaliation for plaintiff complaining to the EEO and the EEOC.

66      That plaintiff's speech, i.e., his complaints of harassment, addressed a matter of public concern.

67      Plaintiff suffered adverse employment actions

68      There is a causal connection between plaintiff's speech and the adverse employment actions taken against him.

69      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, an award of punitive damages is appropriate and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF'S DECEDENT
### VIOLATION OF NEW YORK STATE LAW
### VIA DEFAMATION PER SE

70      Plaintiff repeats, reiterates, and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

71      The defendant OLIVERIA falsely alleged to third parties that plaintiff is a drug dealer, a slacker, a person who allows inmates to bring contraband into the prison, and that he has inmates do his work for him.

72      Defendant OLIVERIA's allegations constitute defamation per se, in that plaintiff has been defamed as a criminal, and plaintiff has been defamed in his industry.

73      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, plaintiff is entitled to punitive damages and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### NEGLIGENT HIRING RETAINING AND TRAINING

74      Plaintiff repeats, reiterates, and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

75      That the defendant, NYC, was negligent, careless, reckless, and deliberately indifferent in hiring, retaining, improperly training, and supervising, as and for its employee, Captain Walker, in that the said individual lacked the experience, deportment, and ability to be employed by NYC, in that she had a pattern, known to the defendant NYC of harassing and sexually harassing employees.

76      That the aforesaid occurrences and resulting harms therefrom, were caused wholly and solely by reason of the negligence of NYC, its agents, servants and employees without any negligence on behalf of the plaintiff.

77      That by reason of the aforesaid, the plaintiff's was harmed and he will continue to suffer mental pain, and the plaintiff has been otherwise damaged.

78      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS on the First Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Second Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Third Cause of Action; and ONE MILLION ($1,000,000.00) DOLLARS on the Fourth Cause of Action; plus reasonable attorneys' fees on all causes of action; together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
      August 23, 2005

                                                 FRED LICHTMACHER (FL-5341)
                                                 Attorney for Plaintiff
                                                 60 East 42nd Street Suite 2001
                                                 New York, New York 10165
                                                 (212) 922-9066
                                                 Fax # (212) 922-9077