UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SCOTT SINGLETON,

                                                       **05 cv 7769 (JSR) (DCF)**
                        Plaintiff,    **ATTORNEY FRED LICHTMACHER'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**

      -against-

NEW YORK CITY,
                            Defendant(s).
------------------------------------------------------------X

1     **FRED LICHTMACHER, ESQ.,** pursuant to 28 U.S.C. §1746, declares under penalty of perjury as follows:

1     I am an attorney duly admitted to practice law before the courts of the State of New York as well as in the Southern, Eastern and Northern district federal courts and the Second Circuit. I was lead counsel for the plaintiff in the above-entitled matter, and as such, I am familiar with the facts contained within, the source of my knowledge being the contents of my file, having filed this case, conducted discovery, having tried this matter to a verdict, having defended against defendant's post trial motions as well as having successfully defended the appeal brought by defendant. I submit this Declaration in further support of plaintiff's motion for reasonable attorneys' fees, costs and expenses.

2     I have been an attorney for twelve years and for slightly less than ten years I have been a solo practitioner. The focus of my practice is civil rights litigation which accounts for about 90 percent of my cases. Among the cases I have litigated in the past few years were <u>Emmanuel v Port Authority et al</u>,(05-8854) which I tried to a plaintiff's verdict in 2007 before Judge

Cedarbaum and in which the Court found my application for an hourly rate of $350 was then appropriate; <u>Carter v Port Authority</u>; 03-cv-08751 which I tried to a plaintiff's verdict before visiting Judge Fern M Smith in the Southern District; <u>Lopez v USA</u>, 03-1729 in which I was co-counsel and which my co-counsel and I tried to a plaintiff's verdict before Judge Sifton in the amount of $1,156,149.  I recently tried <u>Vera v NYS</u>, Claim No. 102187, a wrongful conviction case which resulted in a verdict on liability before Judge Alan C. Marin in the Court of Claims. Damages were subsequently settled for $640,000.  I recently settled <u>Cunningham et al v NYC et al</u>, 04-10232 (Pitman MJ, Sand J) as we entered court for trial for $1,100,000.  I have successfully tried several other cases in the past few years.  In short, I have been a trial attorney with some degree of success in litigating civil rights and related matters and I have considerable trial experience.

3	Recently, other attorneys in New York and other states have contacted me to try civil rights matters for them.  Due to my experience, my modest success at trial and due to my keeping an office in midtown Manhattan which is the primary community I practice in, my hourly fee of $400 is reasonable and even necessary to keep my office afloat.

4	I keep my hours two ways, on the program Time Slips and in my personal status sheets. The way my Time Slips program is set up, it keeps track of the exact amount of time I work on a matter.  In other words, if I spend two minutes on a task, the way I set up my Time Slips program, I am credited for exactly two minutes, not for example at a minimum of fifteen minutes billed as is often the practice in the industry.

5	I can enter the hourly rate at any time after the entry is made, however, the amount of time spent on the particular task will of course stay the same.  I changed my billing rate in

August of 2007 after trial before Judge Cedarbaum and all my billing in this application reflects the new $400 per hour rate. In this matter I have Time Slip entries from home and from work. My earliest Time Slip entries at home were erroneously marked and entered at $300 per hour when I was learning how to use the program. I have hand written the dollar amounts underneath the printed entries at the rate of $400 per hour.

6 The second way I keep my time is in my status sheets. I keep one running status file for each case within my office. Generally, I make a short entry regarding each task, but whenever possible and practical I enter more detailed information. Frequently the entries are privileged, which is why there are redactions on the sheets submitted. I also have begun cutting and pasting letters to the status sheets in smaller italic type, to carefully follow the progress of communications with my adversaries. I use the status sheets when I am traveling, when I am unexpectedly working on a matter, when I attend court and when I am working on several matters in the course of a short period of time. Both of my time keeping methods are contemporaneous with the tasks they reflect. I have reviewed my two methods of keeping time with an eye on the possibility there were entries for the same tasks on both the Time Slips and status file and I do not believe there are any. In this matter, I kept my hours and then plugged in the dollar amounts for each entry as I drafted this motion. At the beginning of the status sheet appears an estimated breakdown of the amount of time spent on each type of task. These are only estimates, the entries within the status sheets are not estimates.

7 The "Expense Breakdown" listed in the memorandum totals $10,877.34. It is an accurate reflection of the charges that exist for each item listed. There were other expenses, but the ones listed are those that are clearly properly chargeable to this matter and which I can

accurately quantify and document. Certified Document Examiner Amanda Stevenson actually billed $3,750.00 but due to a former employee accidentally disposing of some of the expert's exhibits, $750 of her bill is for duplicating her earlier work, for which it is not appropriate for me to seek compensation either from the defendant or from my client.

8    My co-counsel Michael Gorman's efforts were indispensable in this matter. He is a retired NYPD Lieutenant and a former assistant department advocate for the police department. He has considerable expertise in law enforcement record keeping procedures and disciplinary files, which were crucial to our understanding of what impeachment materials we had available. His work led to plaintiff being able to effectively impeach defendant's key witness. With Mr. Gorman's extensive experience in law enforcement trial matters he is well worth $400 per hour.

9    I respectfully request the Court grant plaintiff an award of award of fees in the amount of $363,353.07 and costs in the amount of $10,835.54 for a total of $374,188.61 and for whatever further relief this Court deems just and proper.

Dated:  New York, New York
        March 14, 2009

                Respectfully submitted,

                                    _____/ s /_____
                                    Fred Lichtmacher Esq. (FL-5341)
                                    The Empire State Building
                                    350 5th Avenue Suite 7116
                                    New York New York 10118
                                    (212) 922-9066

To:   Assistant Corporation Counsel
      Diana Murray
      100 Church Street
      New York, NY 10007